Filed 9/18/24  P. v. Velasquez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083110 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE287392) |
| GABRIELA VELASQUEZ, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Dismissed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Gabriela Velasquez appeals a judgment extending for one year her civil commitment under Penal Code section 2970, subdivision (b), as an offender with a mental health disorder (OMD) under the Mentally Disordered Offender Act (Pen. Code, § 2960 et seq; [MDOA]).  On appeal, Velasquez's appointed counsel raises no arguable issues but asks us to independently

review the record for reversible error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). However, we agree with the reasoning and holding in *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*) that the procedures set forth in *Wende* and *Anders* do not apply to an extension of a civil commitment under the MDOA. We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), and dismiss the appeal.

I.

In January 2009, Velasquez pleaded guilty to assault by means of force likely to produce great bodily injury. (Pen. Code, former § 245, subd. (a)(1), amended by Stats. 2011, ch. 183, § 1.) The court sentenced her to a three-year term of probation. Following the revocation of her probation in September 2009, the court sentenced Velasquez to three years in state prison.

In 2011, Velasquez was committed to the Department of State Hospitals as an OMD pursuant to Penal Code section 2962. Since then, her commitment has been extended nine times. Her most recent extension was set to expire on February 23, 2023.

In October 2022, the People filed a petition for extension of Velasquez's OMD civil commitment for an additional one year pursuant to Penal Code section 2970. The petition alleged Velasquez continued to suffer from a severe mental disorder that was not in remission and could not be kept in remission without treatment, and by reason of this mental disorder she posed a substantial danger of physical harm to others. In support of the petition, the People attached an affidavit from the medical director of a state hospital. The medical director opined Velasquez suffered from a mental disorder that was not in remission, and by way of her mental disorder she presented a substantial danger of physical harm to others.

2

The medical director's affidavit attached an evaluation report conducted by a forensic psychologist for the state hospital. The psychologist reported Velasquez's primary diagnosis was schizophrenia, and that she was displaying overt signs and symptoms of the disorder notwithstanding her psychotropic medication and psychosocial support. Velasquez was disengaged with her individualized treatment plan, and she refused to participate in an interview with the psychologist. According to the report, although Velasquez had not committed an act of physical violence for the preceding year, she remained at risk of committing violent acts towards others due to her symptomology. Accordingly, the report recommended Velasquez's civil commitment be extended.

Velasquez waived her right to a jury trial, and the court conducted a bench trial on September 6 and 7, 2023. At the trial, the People presented testimony from a forensic psychologist for the Department of State Hospitals, a court-appointed psychiatrist, and a court-appointed psychologist. The forensic psychologist for the state hospital testified that Velasquez presented paranoid and delusional beliefs about her family of origin. These beliefs inhibited her from discussing her plans for discharge. The psychologist opined her symptoms resulted from schizophrenia, rather than substance abuse, noting she has consistently demonstrated psychotic symptoms at the state hospital even in the absence of substance use. Citing to Velasquez's failure to follow her individualized treatment plan and her history of violence, the psychologist concluded she was not in remission and continued to pose a substantial danger of physical harm to others.

The court-appointed psychiatrist testified Velasquez was diagnosed with schizophrenia, along with three substance abuse disorders related to alcohol, methamphetamine, and cannabis use. Citing to her continued

3

auditory hallucinations and delusions, along with her poor insight into her substance abuse disorders, he opined that Velasquez was not in remission. He doubted she would continue to take the medications that helped curb her aggression outside of the hospital because she lacked insight into why she needed to take them. Although the psychiatrist recognized Velasquez had not been violent over the last several years, he testified that her paranoid delusions put her at risk for violence if she was released. Thus, he concluded Velasquez posed a substantial danger of physical harm to others due to her severe mental disorder.

The court-appointed psychologist agreed that Velasquez had a diagnosis of schizophrenia, along with substance abuse disorders related to cannabis, methamphetamine, and alcohol use. He believed if Velasquez was released from the hospital she would likely discontinue her psychiatric medication and use substances, which could lead to physical violence. Accordingly, the psychologist concluded Velasquez's schizophrenia was not in remission, and she posed a substantial risk of psychical harm to others if she was not recommitted.

A psychiatrist then testified on behalf of Velasquez. He opined Velasquez suffered from complex post-traumatic stress disorder and substance abuse disorders, but he did not believe to a medical certainty that she ever had schizophrenia. He informed the court that Velasquez reported using drugs while at the state hospital, noting she tested positive for methamphetamine until 2016. The psychiatrist concluded Velasquez did not pose a substantial danger of physical harm to others if released into the community, so long as she did not have an extended relapse on drugs or alcohol. Velasquez then testified in her own defense.

After considering the evidence and arguments of counsel, the trial court found the People proved beyond a reasonable doubt the petition's allegations were true. The court therefore found the People met its burden of demonstrating Velasquez met the OMD recommitment criteria and extended her commitment for one year, until February 23, 2024.

II.

We appointed counsel to represent Velasquez on appeal. Her counsel filed a brief summarizing the facts and proceedings below, but counsel did not identify any arguable issues. Nevertheless, counsel argues we should independently review the record on appeal for reversible error pursuant to *Wende/Anders*. Though Velasquez was provided with a copy of counsel's brief and informed of her right to file a supplemental brief, she has not done so.

In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), the Supreme Court held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.*, at p. 539.) Similarly, the Second District in *Taylor*, 160 Cal.App.4th at p. 308, considered whether the *Wende/Anders* procedures apply to MDO commitment cases and concluded they did not. Although Velasquez's counsel acknowledges the court's holding in *Taylor*, counsel contends *Taylor* was wrongly decided and asks this court not to follow it. As we discuss, we decline to part ways with *Taylor* and apply its holding to this case.

In *Taylor,* the court discussed *Ben. C.* and other relevant cases to reach its conclusion that the *Anders/Wende* review procedures are not applicable to post-conviction commitments under the MDOA. (*Taylor*, 160 Cal.App.4th at p. 312.) *Taylor* reasoned that *Wende/Anders* review is only required for

5

appointed counsel's representation of an indigent defendant in a *criminal* case, and we are bound by the Supreme Court's characterization of the MDOA as a "'civil commitment scheme.'" (*Ibid*.)  In rendering its decision, *Taylor* commented that the Rules of Court ensure sufficient advocacy for OMD committees on appeal, and due process does not require the extension of *Anders/Wende* to appeals from OMD commitment orders.  (*Id.* at p. 313.)  Accordingly, *Taylor* dismissed the appeal without conducting an independent review of the record.  (*Ibid*.)

We agree with *Taylor*'s reasoning and apply it to this appeal.  Because no reasonably arguable issues have been raised by counsel or Velasquez, we decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise and dismiss the appeal.  (See *Taylor*, 160 Cal.App.4th at p. 313.)

III.

The appeal is dismissed.

CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.

6